IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JUAN DANIEL ESPINOZA ESCOBAR,<br>A# 242-346-697,<br><br>    *Petitioner*,<br><br>VS.<br><br>KRISTI DAVIS, Warden, South Texas ICE Processing<br>Center; TODD BLANCHE, in His Official Capacity<br>as acting U.S. Attorney General; MARKWAYNE<br>MULLIN, in His Official Capacity as Secretary of the<br>United States Department of Homeland Security;<br>TODD M. LYONS, Acting director of U.S.<br>Immigration and Customs Enforcement; and<br>SYLVESTER ORTEGA, Field Office Director for<br>Detention and Removal, U.S. Immigration and<br>Customs Enforcement,<br><br>    *Respondents.* | § § § § § § § § § § § § § § § § § § § | CIVIL CASE NO. SA-26-CV-03185-FB |

## <u>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS</u>

Before the Court are Petitioner Juan Daniel Espinoza Escobar's ("Petitioner") Petition for Writ

of Habeas Corpus ("Petition") (ECF No. 1), and the Federal Respondents' ("Respondents") Response

to Petition (ECF No. 33).  The relevant facts are undisputed and the Court grants relief without a

hearing.  *See Tijerina v. Thornburgh*, 884 F.2d 861, 866 (5th Cir. 1989) (citations omitted).

### BACKGROUND

Petitioner is currently detained in the South Texas ICE Processing Center in Pearsall, Texas,

located in the Western District of Texas.  Petitioner argues that Petitioner's detention is unlawful and

asks the Court to order Petitioner's release or a bond hearing.

### DISCUSSION

As alleged, Petitioner's case appears materially indistinguishable from several others in which

courts in this District have found a procedural due process violation.  *See e.g.*, *Perez v. Thompson*, No.

SA-26-CA-02187-XR, 2026 WL 1078577, at *4 (W.D. Tex. Apr. 17, 2026); *Rodriguez Brizuela v. Noem*, No. 5:26-CV-0279-JKP, 2026 WL 752257, at *5 (W.D. Tex. Mar. 12, 2026); *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d  668, 685-87 (W.D. Tex. 2025).  In preparing their response to the Petition, Respondents were ordered to consider a list of prior court orders issued in the Western District of Texas[1] addressing whether Petitioner's detention violates due process and note any material factual differences.  (Amended Order for Service, ECF No. 10 at page 2 & n.6).  In complying with that order, Respondents acknowledge that they have "considered the Court's prior orders and at this time do not note any material factual differences."  Response, ECF No. 3 at page 2.  The Court therefore considers whether these prior rulings, concerning similar challenges to the government policy or practice at issue in this case and the common question of law between this case and those rulings, should also control the result in this case.  After reviewing the briefing, provided evidence, and applicable law, the Court grants the Petition for the same reasons stated in the prior relevant decisions identified by the Court in the Order for Service.  *See e.g.*, *Gonzalez-Acero v. Thompson*; Case No. 5:26-CV-0673-JKP (ECF No. 8) (W.D. Tex. Apr. 9, 2026); *Camargo-Barreto v. Bondi*, Case No. 5:26-CV-0659-JKP (ECF No. 7) (W.D. Tex. Apr. 2, 2026); *Vargas-Negrete v. Noem*, Case No. SA-26-CA-00571-XR (ECF No. 9) (W.D. Tex. Mar. 19, 2026); *Mendoza v. Noem*, Case No. 5:26-CV-0728-JKP (ECF No. 9) (W.D. Tex. Feb. 26, 2026); *Fernandez v. Vergara*, Case No. SA-26-CA-00500-XR (ECF No. 8) (W.D. Tex. Feb. 26, 2026); *Martinez v. Noem*, No. 3:25-cv-430-KC, 2025 WL 2965859, at *3-5 (W.D. Tex. Oct. 21, 2025); *Santiago v. Noem*, No. 3:25-cv-361-KC, 2025 WL 2792588, at *10-13 (W.D. Tex. Oct. 2, 2025); *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 685-87 (W.D. Tex. 2025).

---

[1]  *Gonzalez-Acero v. Thompson*; Case No. 5:26-CV-0673-JKP (ECF No. 8) (W.D. Tex. Apr. 9, 2026); *Camargo-Barreto v. Bondi*, Case No. 5:26-CV-0659-JKP, 2026 WL 1008544 (W.D. Tex. Apr. 2, 2026); *Vargas Negrete v. Noem*, Case No. SA-26-CA-00571-XR, 2026 WL 905456 (W.D. Tex. Mar. 19, 2026); *Gonzalez Carrillo v. Bondi*, No. SA-26-CV-778-XR, 2026 WL 981037 (W.D. Tex. Feb. 26, 2026); *Valencia Reyes v. Noem*, No. SA-25-CV-1921-XR, 2026 WL 981034 (W.D. Tex. Feb. 25, 2026); *Martinez v. Noem*, No. 3:25-cv-430-KC, 2025 WL 2965859, at *3-5 (W.D. Tex. Oct. 21, 2025); *Santiago v. Noem*, No. 3:25-cv-361-KC, 2025 WL 2792588, at *10-13 (W.D. Tex. Oct. 2, 2025);  and *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 685-87 (W.D. Tex. 2025).

As discussed and explained in the prior cases, the Court finds that (1) it has jurisdiction to consider the arguments presented in the instant habeas Petition; (2) Respondents have violated Petitioner's right to due process under the Fifth Amendment; and (3) fees under the Equal Access to Justice Act, 28 U.S.C. § 2412, are not available in habeas corpus proceedings like this one.  The Court treats the instant action solely as a habeas action under 28 U.S.C. § 2241, and declines to consider *Bautista v. Noem*, No. 5:25-CV-01873-SSS-BFM (C.D. Cal. Dec. 18, 2025), or other challenges presented.

IT IS THEREFORE ORDERED that the Petition for Writ of Habeas Corpus (ECF No. 1) is **GRANTED** such that:

1. Respondents are **DIRECTED** to **RELEASE** Petitioner Juan Daniel Espinoza Escobar, A# 242-346-697, from custody, under reasonable conditions of supervision, to a public place no later than **Friday, May 29, 2026**.

2. Respondents must **NOTIFY** Petitioner's counsel, by email or by a direct telephone conversation, of the exact location and exact time of release as soon as practicable and no less than two hours before release.

3. Respondents shall **FILE** a status report no later than **Tuesday, June 2, 2026**, confirming that Petitioner has been released.

IT IS FINALLY ORDERED that motions pending, if any, are DISMISSED AS MOOT, and this case is CLOSED.

It is so ORDERED.

SIGNED this 27th day of May, 2026.

_____

FRED BIERY
UNITED STATES DISTRICT JUDGE